# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:22-cr-106

JAMES PRATT

### MEMORANDUM OPINION AND ORDER

Pending is Defendant James Pratt's *pro se* Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and Appointment of Counsel [ECF 94], filed January 31, 2024.

### I.

Mr. Pratt is seeking a sentence reduction based on retroactive Guideline Amendment 821 and the appointment of counsel to assist him with the same. On June 2, 2023, Mr. Pratt was sentenced to fifty-seven months imprisonment, followed by a three-year term of supervised release after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Pratt has a projected release date of November 30, 2027.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points. It decreases them by one for individuals with seven or more criminal history points. It additionally eliminates status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 Guideline that provides a two-level

decrease for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1, both apply retroactively.

At sentencing, Mr. Pratt was assessed seven criminal history points, in addition to two status points inasmuch as he committed the instant offense while serving a criminal justice sentence. A total of nine criminal history points placed Mr. Pratt in a criminal history category of IV. Based on a total offense level of twenty-one and a criminal history category of IV, Mr. Pratt was subject to a guideline imprisonment range of 57 to 71 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Pratt at the bottom of his applicable guideline range to fifty-seven months.

Given the retroactive application of Amendment 821, if sentenced today, Mr. Pratt would receive a one-point reduction in status points for a total of eight criminal history points inasmuch as he (1) has seven or more criminal history points, and (2) committed the instant offense while serving a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Importantly, however, a total of eight criminal history points does not reduce his criminal history category. Instead, with a total of eight criminal history points as opposed to nine, he remains in a criminal history category of IV. The one-point status point reduction thus does not alter his original guideline imprisonment range of 57-71 months. Accordingly, pursuant to U.S.S.G. § 1B1.10(a)(2)(B), Mr. Pratt is ineligible for a sentence reduction under Amendment 821 inasmuch as the amendment does not have the effect of lowering his applicable guideline range.

II.

Based on the foregoing, the Court **DENIES** Mr. Pratt's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) **[ECF 94]** and **DENIES AS MOOT** his request for appointment of counsel contained therein.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   MARCH 19, 2024



Frank W. Volk
United States District Judge